IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FRANK ANTHONY SAMORA, ANTHONY DEWITH SAMORA and the HEIR of DIANA DARLENE SAMORA

Plaintiffs

vs

CENTRO MEDICO DEL TURABO, INC. d/b/a HIMA SAN PABLO FAJARDO; HIMA SAN PABLO CAPTIVE INSURANCE COMPANY LIMITED; JOHN DOE; RICHARD ROE, and their respective insurance companies

Defendants

CIVIL 16-1110CCC

**OPINION AND ORDER**

Plaintiffs Frank Anthony Samora and Anthony Dewith-Samora, on his own behalf and as the heir of Diane Darlene Samora, (collectively "plaintiffs") commenced this diversity action against defendant Centro Medico del Turabo, Inc. d/b/a HIMA San Pablo Fajardo ("HIMA" or "defendant") on January 21, 2016 seeking redress for Diane Darlene Samora's injuries due to an alleged violation by defendant of rights secured under the Emergency Medical Treatment and Active Labor Act ("EMTALA") and for medical malpractice pursuant to Articles 1802 and 1803 of the Civil Code of Puerto Rico ("Articles 1802 and 1803").

Before the Court is defendants' Motion for Summary Judgment (**d.e. 23**) and Statement of Uncontested Facts in Support of the Motion for Summary Judgment (d.e. 24) filed on December 15, 2016, plaintiffs' opposition (d.e. 34) and Response to the Statement of Uncontested Facts and Additional Uncontested Facts (d.e. 33) filed on February 6, 2017. For the reasons stated

below, the Motion for Summary Judgment (**d.e. 23**) is GRANTED in part and DENIED in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 3, 2008, while visiting Puerto Rico from Los Angeles and upon arrival at the Hotel Wyndham Grand Resort, Diane Darlene Samora ("Mrs. Samora") suffered an event[1] which required defibrillation. (d.e. 24, ¶¶ 1 and 2). Mrs. Samora was transported by ambulance to Hospital HIMA San Pablo Fajardo.[2] (d.e. 24, ¶ 3). She was later transferred by Aeromed helicopter ambulance to Centro Médico de Puerto Rico ("Centro Médico").[3] (d.e. 24, ¶ 4). On August 11, 2008, Mrs. Samora suffered from cardiac arrhythmia and died. (d.e. 24, ¶¶ 8 and 9).

On July 30, 2009, plaintiffs Frank Anthony Samora and Anthony Dewith-Samora, husband and son of the deceased, filed an action in this Court against HIMA and a number of other defendants including Rio Mar Beach Resort & Spa a/k/a Wyndham Grand Resort ("Rio Mar Beach Resort") and the Commonwealth of Puerto Rico, alleging violation of the rights secured under EMTALA and pursuant to Articles 1802 and 1803. *See Frank Samora, et. al. v. Riomar Beach Resort and Spa, et. al.*, Civil No. 09-1733(ADC). On August 30, 2010, the Court dismissed the EMTALA claims, with prejudice, against the Commonwealth of Puerto Rico and the state law claims against it, without

---

[1] The type of event suffered is contested by the parties.

[2] The care/ treatment she received at hospital HIMA San Pablo Fajardo is contested.

[3] It is contested whether or not at the time she was transferred and at the time she arrived at Centro Médico, Mrs. Samora was in stable condition.

prejudice.[4]  On January 27, 2012, plaintiffs and Rio Mar Beach Resort reached a settlement resulting in dismissal of the complaint against Rio Mar Beach Resort, with prejudice.[5]  Plaintiffs requested a voluntary dismissal, without prejudice, as to remaining defendant HIMA on February 3, 2012.  Final judgment was entered dismissing plaintiffs' claims against HIMA, without prejudice, on February 6, 2012.[6]

On August 19, 2011, plaintiffs filed a Complaint before the Commonwealth of Puerto Rico First Instance Court, San Juan Part, *Frank Samora, et. al. vs. Estado Libre Asociado de PR, et. al*., Civil No. KDP 2011-0970(801), against several defendants including the Commonwealth of Puerto Rico, the University of Puerto Rico, Administración de Servicios de Emergencias Médicas, Centro Médico, HIMA and its insurer.  After plaintiffs failed to post the required non-resident bond, on December 5, 2014 the Commonwealth Court dismissed plaintiffs' claims, with prejudice.  On February 27, 2015, the Appellate Court of the Commonwealth of Puerto Rico reversed the judgment entered by the Court of First Instance, San Juan Part, and ordered that the dismissal be without prejudice.

On January 21, 2016, over seven years after the death of Mrs. Samora, plaintiffs filed the instant action against HIMA (**d.e. 1**) and a separate state court action on February 29, 2016 against the Commonwealth of Puerto Rico, the Department of Health, the Administration of Health Services and other state actors.  Defendants argue in the Motion for Summary Judgment (**d.e. 23**) that:

---

[4]USDC, DPR, Civil No. 09-1733 (d.e. 39).

[5]USDC, DPR, Civil No. 09-1733 (d.e. 61 and d.e. 67).

[6]USDC, DPR, Civil No. 09-1733 (d.e. 72).

(1) the EMTALA claim is time barred by the two year statute of limitations; and (2) plaintiffs have failed to make out a *prima facie* case of medical malpractice against them under Article 1802.

## II.    LEGAL STANDARD: MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" only if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986), and "[a] 'genuine' issue is one that could be resolved in favor of either party."  *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004).  The Court does not weigh the facts but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995) (quoting *Liberty Lobby, Inc.*, 477 U.S. at 248).  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Crawford-El v. Britton*, 523 U.S. 574, 600 fn. 22, 118 S.Ct. 1584, 140 L.Ed. 2d 759 (1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986)); Fed. R. Civ. P. 56(c)(1).  If this threshold is met, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts" to avoid summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed. 2d 538 (1986).

The nonmoving party may not prevail with mere "conclusory allegations, improbable inferences, and unsupported speculation" for any element of the claim. *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). Still, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party," *Leary*, 58 F.3d at 751, and the court must not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." *Greenburg v. P.R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987).

### III.   ANALYSIS

#### A.   EMTALA CLAIM

"EMTALA is designed to prevent hospital emergency rooms from 'refusing to accept or treat patients with emergency conditions if the patient does not have medical insurance.'" *Alvarez-Torres v. Ryder Mem'l Hosp., Inc.*, 582 F.3d 47, 51 (1st Cir. 2009) (quoting *Correa v. Hosp. San Francisco*, 69 F.3d 1184, 1189 (1st Cir. 1995)). EMTALA is a limited 'anti-dumping' statute, not a federal malpractice statute. *Reynolds v. MaineGeneral Health*, 218 F.3d 78, 83 (1st Cir. 2000) (internal quotations omitted).

Although EMTALA establishes a separate federal cause of action, "independent of any additional or pendant state claims," there is a clear statute of limitations regulating the scope for filing claims. *Power v. Arlington Hosp. Ass'n*, 42 F.3d 851, 866 (4th Cir. 1994). Specifically, subsection (d)(2)(C) provides that "[n]o action may be brought under this paragraph more than two years after the date of the violation with respect to which the action is brought." 42 U.S.C. § 1395dd(d)(2)(C). This limitation is strictly construed. *See Vogel v. Linde*, 23 F.3d 78, 80 (4th Cir. 1994) (finding that the complaint which was filed

two years and ten months after the date of the alleged violation was barred and declining to toll the statute because of plaintiff's disability); *Holmberg v. Armbrecht*, 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946) ("If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive.")  A claim under EMTALA accrues on "the date of the alleged violation."  *Saltares v. Hosp. San Pablo Inc.*, 371 F.Supp. 2d 28, 33 (D.P.R. 2005).

    Mrs. Samora was taken to HIMA on August 3, 2008.  Accordingly, plaintiffs' EMTALA claim against HIMA accrued on August 4, 2008.  "[T]he clock starts running the day after the patients went to the hospital and suffered the alleged violation, not when he or she learns of the injury as a result of the mistreatment."  *Id*.  Plaintiffs had until August 4, 2010 to file their claims. Plaintiffs argue that their EMTALA claim is not time-barred since their original claim in Civil No. 09-1733[7] was filed within the two-year statute of limitations. (d.e. 34, ¶¶ 23-26).  Plaintiffs first federal complaint filed on July 30, 2009 in that case was timely.  However, the action before this Court, Civ. No. 16-1110, was filed on January 21, 2016, over five years after their claim accrued.

    As discussed above, EMTALA does not contain a tolling provision. Furthermore, "neither the United States Supreme Court nor any U.S. Circuit Court of Appeals has decided whether equitable tolling applies to EMTALA," *Borgos-Taboas v. HIMA San Pablo Hosp. Bayamon*, 832 F.Supp. 2d 121, 125 (D.P.R. 2011).  *See Saltares*, 371 F.Supp. 2d at 34 ("EMTALA does not

---

[7]*Frank Samora, et. al. v. Riomar Beach Resort and Spa, et. al.*, Civil No. 09-1733(ADC).

CIVIL 16-1110CCC           7

contain a tolling provision or otherwise provide for any exception to the two-year statute of limitations.") Plaintiffs have failed to establish that they fall under any type of equitable tolling remedy that may be available to them. Their first complaint before the Federal Court, in Civil No. 09-1733, filed on July 30, 2009, did not toll the limitations period. Accordingly, plaintiff's claim pursuant to EMTALA is DISMISSED, with prejudice.

### B.  MEDICAL MALPRACTICE CLAIM

Material issues of fact preclude summary judgment as to plaintiffs' medical malpractice claim. Accordingly, HIMA's request that plaintiffs' medical malpractice claim under Article 1802 is DENIED.

## IV.  CONCLUSION

For the reasons stated above, the Motion for Summary Judgment (**d.e. 23**) is GRANTED in part and DENIED in part. Plaintiffs' claim pursuant to EMTALA against defendant HIMA is DISMISSED, with prejudice. Partial judgment to be entered by separate order.

SO ORDERED.

At San Juan, Puerto Rico, on September 29, 2017.

S/CARMEN CONSUELO CEREZO
United States District Judge